UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CTP INNOVATIONS, LLC,
PATENT LITIGATION                                                                       MDL No. 2581


## TRANSFER ORDER

**Before the Panel:**[*] Defendant Indexx, Inc., and declaratory judgment plaintiff Taylor Publishing Co. move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of Texas. Patentholder CTP Innovations, LLC (CTP) does not oppose centralization and suggests selection of the Eastern District of Texas as the transferee forum. Defendant Jet Printing, LLC (Jet Printing) opposes transfer of its action while the case is stayed pending *inter partes* review of the patents-in-suit. This litigation consists of nine actions, pending in six districts, as listed on Schedule A.[2]

At issue in this litigation is the alleged infringement of CTP's U.S. Patent Nos. 6,611,349 ('349 patent) and 6,738,155 ('155 patent), which are respectively titled "System and Method of Generating a Printing Plate file in Real Time Using a Communication Network" and "System and Method of Providing Publishing and Printing Services Via A Communications Network." The inventions in the '349 and '155 patents relate generally to the field of publishing and printing.

On the basis of the papers filed and hearing session held, we find that these nine actions involve common questions of fact, and that centralization in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve factual questions about the alleged infringement, validity and enforceability of CTP's '349 and '155 patents. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

We deny defendant Jet Printing's motion to delay transfer of its action pending the outcome of the *inter partes* review petitions. The Patent Trial and Appeal Board granted four petitions for

---

[*] Judge Charles R. Breyer did not participate in the decision of this matter.

[2] The motion for centralization was originally brought by ten additional parties that have since settled. The motion initially included 26 actions, but sixteen actions have since been dismissed. Another action (*Franklin-Dodd*) is administratively closed pending settlement. In the event that the parties do not finalize the settlement in *Franklin-Dodd* as expected, they should notify the Panel of the action's pendency as a potential tag-along action. *See* Panel Rule 7.1(a).

- 2 -

*inter partes* review of the CTP patents in late-November 2014,[3] and the Section 1407 movants have suggested that they will seek to obtain a stay pending this process if the actions are centralized. Transfer of all actions to a single judge will facilitate a uniform approach on this issue.

We are of the view that the District of Maryland is the most appropriate transferee district for pretrial proceedings in this litigation. Although not suggested by the parties, this readily accessible district participates in the Patent Pilot Program and enjoys favorable caseload conditions. Judge Marvin J. Garbis is experienced in multidistrict litigation, as well as patent litigation, and we are confident that he will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Marvin J. Garbis for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

---

[3] *See* Case No. IPR2014-00788 (instituting *inter partes* review of claims 10-20 of the '155 patent November 26, 2014), Case No. IPR2014-00789 (instituting *inter partes* review of claims 1-9 of the '155 patent on November 28, 2014), and Case Nos. IPR2014-00790 and IPR2014-00791 (instituting *inter partes* review of claims 1-3 and 10-14 of the '349 patent on November 28, 2014).

IN RE: CTP INNOVATIONS, LLC,
PATENT LITIGATION                                                     MDL No. 2581

## SCHEDULE A

    <u>Northern District of Alabama</u>

CTP INNOVATIONS, LLC v. EBSCO INDUSTRIES, INC., C.A. No. 2:14‑00812

    <u>Southern District of Florida</u>

CTP INNOVATIONS, LLC v. WORLDWIDE TICKETS AND LABELS, INC.,
   C.A. No. 9:14‑80556

    <u>Northern District of Georgia</u>

CTP INNOVATIONS, LLC v. WALTON PRESS, INC., C.A. No. 1:13‑02174
CTP INNOVATIONS, LLC v. GEO GRAPHICS INC., C.A. No. 1:14‑01394

    <u>District of South Carolina</u>

CTP INNOVATIONS, LLC v. INDEXX, INC., C.A. No. 6:14‑01770

    <u>Middle District of Tennessee</u>

CTP INNOVATIONS, LLC v. AMERICAN PRINTING COMPANY, INC.,
    C.A. No. 3:13‑00582
CTP INNOVATIONS, LLC v. MPI LABEL SYSTEMS, C.A. No. 3:13‑00583
CTP INNOVATIONS, LLC v. JET PRINTING, LLC, C.A. No. 3:13‑00585

    <u>Northern District of Texas</u>

TAYLOR PUBLISHING COMPANY v. CTP INNOVATIONS, LLC,
   C.A. No. 3:13‑02222